# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD P. GIELATA, on behalf of himself and all others similarly situated,<br>*Plaintiff,*<br>v.<br>JAY W. EISENHOFER, and GRANT & EISENHOFER, P.A., a Delaware professional association,<br>*Defendants.* | Civil Action No. _____<br><br>COMPLAINT FOR DAMAGES<br>1. BREACH OF FIDUCIARY DUTY<br>2. BREACH OF CONTRACT<br>3. LEGAL MALPRACTICE<br>4. RESPONDEAT SUPERIOR<br><br><u>CLASS ACTION</u><br>JURY TRIAL DEMANDED |

Plaintiff Richard P. Gielata ("Plaintiff"), by and through undersigned counsel, alleges upon information and belief as follows:

## **NATURE OF THE ACTION**

*"Grant & Eisenhofer has a long history of successfully representing investors that have been damaged by fraud, greed and wrong-doing."* \*

1. This class action is brought on behalf of investors damaged by fraud, greed and wrong-doing by class action plaintiffs' lawyer Jay W. Eisenhofer and his law firm Grant & Eisenhofer, P.A.

2. Defendants stole hundreds of millions of dollars from their clients in 2007, when they and others were awarded nearly $500 million dollars in fees and expenses out of a $3.2 billion class action settlement fund.

3. However, under a fee agreement kept hidden for years, defendants had agreed to seek a fee of no more than $210 million and to oppose any higher fee request.

4. Defendants dishonored and concealed the fee agreement in order to steal hundreds of millions of dollars from the very investors they claimed to represent.

---

\* *Grant & Eisenhofer Actively Investigating Madoff's Multi-Billion Dollar Fraud Scheme on Behalf of Investors*, http://www.gelaw.com/clientalerts/Madoff%20Investor%20Alert.pdf (last visited 7-28-2010).

## SUMMARY

5. Defendants are an attorney and his law firm that served as class counsel in *In re Tyco, Int'l, Ltd., Sec. Litig.* (the "Tyco Litigation"), a securities class action.

6. On October 22, 2007, defendants and the other class counsel requested attorneys' fees of **14.5%** of the $3.2 billion class action settlements of the Tyco Litigation, amounting to at least **$464 million** in attorneys' fees.

7. A fee agreement (the "Fee Agreement"), dated January 8, 2004, expressly limited defendants' fee request to no more than **7.8%** of the total class recovery in the Tyco Litigation, **over $200 million less** than what defendants requested.

8. Flagrantly disregarding their fiduciary duties and contractual obligations, defendants concealed the Fee Agreement from Plaintiff and other class members in the Tyco Litigation and breached their obligations under the Fee Agreement.

9. The Fee Agreement was never disclosed to the court in the Tyco Litigation, which subsequently granted defendants' fee request in its entirety.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)(A), because the amount in controversy exceeds $5 million exclusive of interests and costs, and Plaintiff is a citizen of a state (Pennsylvania) different from at least one of the defendants.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District and defendants are subject to personal jurisdiction in this District.

## PARTIES

12. Plaintiff is a member of the certified class in the Tyco Litigation who submitted a valid claim in connection with the settlement of the Tyco Litigation.

13. At all times relevant to this Complaint, defendant GRANT & EISENHOFER, P.A. ("G&E") was a Delaware professional association doing business as a law firm with principal offices in Wilmington, Delaware and New York, New York.

14. At all times relevant to this Complaint, defendant JAY W. EISENHOFER ("EISENHOFER") was a Delaware-licensed attorney who, as one of G&E's two managing directors, possessed substantial control over the management and conduct of G&E's business affairs and shared final decision making authority over all actions or decisions affecting the operation or management of G&E.

15. At all times relevant to this Complaint, G&E and EISENHOFER represented plaintiffs in class actions and shareholder derivative actions in federal and state courts throughout the United States, including in the District of Delaware.

## FACTS

### A. Defendants Become Fiduciaries for the Class in the Tyco Litigation

16. The Tyco Litigation, MDL Docket No. 02-1335-PB, Civil Action No. 02-266-PB (D.N.H.), was commenced in 2002.

17. On August 5, 2002, defendants filed a motion for appointment of their respective clients as the co-lead plaintiffs in the Tyco Litigation.

18. On November 20, 2002, the district court granted the lead plaintiff motion and appointed G&E and two other law firms as co-lead counsel in the Tyco Litigation, granting them effective control over advancing the claims in the litigation.

19. Co-lead counsel, including defendants, were later granted class counsel status, formalizing their role as fiduciaries for the certified class in the Tyco Litigation.

## B. The January 8, 2004 Fee Agreement

20. Prior to a mediation session in the Tyco Litigation on January 13, 2004, defendant EISENHOFER caused to be drafted the Fee Agreement, dated January 8, 2004.

21. The Fee Agreement specified that, in the event of a recovery in the Tyco Litigation, defendants G&E and EISENHOFER would seek an award of fees under a tiered arrangement limiting any fee request to: (a) 15% of the first $150 million of any recovery; (b) 9.25% of any recovery between $150 million and $1 billion; (c) 7.5% of any recovery between $150 million and $1 billion; (d) 7.5% of any recovery between $1 billion and $2.5 billion; and (e) 5% of any recovery above $2.5 billion.

22. The Fee Agreement further specified that G&E and EISENHOFER would oppose any petition requesting a fee in excess of the fee mandated by the Fee Agreement.

23. Under the tiered arrangement set forth in the Fee Agreement, the requested fee in the Tyco Litigation should not have exceeded $248,625,000, or 7.8% of the $3.2 billion class action settlement fund in the Tyco Litigation.

24. On behalf of himself and defendant G&E, defendant EISENHOFER executed the Fee Agreement, which was faxed to Bonita B. Brown in her capacity as then-director of the Teachers' Retirement System of Louisiana ("TRSL"), one of the lead plaintiffs in the Tyco Litigation.

25. On or about January 9, 2004, Bonita B. Brown executed the Fee Agreement on behalf of TRSL, thereby agreeing to and accepting the contract terms, and faxed the fully-executed Fee Agreement to defendants.

## C. The Tyco Litigation Settlements and Fee Application

26. In 2007, class action settlements totaling $3.2 billion were announced in connection with the Tyco Litigation.

27. After the Tyco Litigation settlements were announced, EISENHOFER, G&E and the other co-lead counsel in the Tyco Litigation filed legal papers to obtain preliminary and final approval of the settlements.

28. In conjunction with filing the motion for final approval of the settlements, EISENHOFER, G&E and the other co-lead counsel in the Tyco Litigation also filed a motion for attorneys' fees and expenses (the "Fee Motion").

29. A joint affidavit (the "Affidavit") executed by defendants was attached to the Fee Motion.

30. Defendants did not disclose the existence or terms of the Fee Agreement in the Fee Motion or the Affidavit.

31. Defendants EISENHOFER and G&E represented in the Affidavit that they had initially determined to request a 17.5% fee ($560 million) but voluntarily decreased the fee request to 14.5% ($464 million); yet they did not disclose that the Fee Agreement expressly limited any fee request to 7.8% of the $3.2 billion settlement.

32. Defendants EISENHOFER and G&E represented in a memorandum of law filed in support of the Fee Motion that their 14.5% fee request was materially different than a critical precedent in *In re Raytheon Securities Litigation* wherein counsel received a 9% fee award on a $460 million settlement, arguing that the "fee award [in *Raytheon*] can be distinguished from the [Tyco Litigation] request on the following grounds…[*inter alia*, that] **the fee award was limited to 9% by client agreement**…."

(emphasis added). Contrary to defendants' representation, the fee award in the Tyco Litigation was in fact limited to 7.8% by the Fee Agreement, far less than the 14.5% requested in the Fee Motion.

33. Defendants EISENHOFER and G&E caused to be circulated a class notice of the Tyco Litigation settlements which did not disclose the Fee Agreement.

34. Defendants EISENHOFER and G&E did not publicly disclose the existence or terms of the Fee Agreement at any time from the inception of the Tyco Litigation up to and including the date of the hearing on the Tyco Litigation settlements and Fee Motion.

35. On or about December 19, 2007, the court overseeing the Tyco Litigation issued a memorandum and order granting defendants' Fee Motion.

36. Unaware of the Fee Agreement with lead plaintiff TRSL, the court relied on defendants' cover story that the 14.5% was the result of a recommendation of two retired judges. According to the court's memorandum opinion:

> [T]he court relies on properly-selected lead plaintiffs to act as agents for the class. *See Cendant I*, 264 F.3d at 282 (in cases governed by the [Private Securities Litigation Reform Act of 1995], "lead plaintiff is in the best position, under the PSLRA's scheme, to determine (at least initially) what its lead counsel's fee should be"). The fact that the 14.5% recommendation stems from such a process weighs strongly in favor of its reasonableness."

(Dec. 19, 2007 Mem. Op. at 49 (emphasis added).)

37. On the basis of defendants' materially misleading Fee Motion and supporting papers, the court awarded attorneys' fees of 14.5% of the $3.2 billion Tyco Litigation settlements (including 14.5% of interest that had accrued on the $3.2 billion fund) and reimbursement of $28,938,412.74 in claimed expenses.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on his own behalf and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Class consisting of all persons who submitted valid claims in connection with the class settlements of the Tyco Litigation.

39. Excluded from the Class are defendants herein; any person related to any of the defendants; any firm, trust, corporation, or other entity affiliated with any of the defendants; the legal representatives, heirs, successors, and assigns of any excluded person; and any entity controlled by any excluded person.

40. This action is properly maintainable as a class action.

41. The members of the Class for whose benefit this action is brought are dispersed throughout the United States, and are so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes that over 300,000 claims have been submitted to the Tyco Litigation settlements claims administrator.

42. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class were similarly damaged by defendants' wrongful conduct as complained of herein.

43. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

44. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether defendants owed a fiduciary duty to Class members;

    b. Whether defendants breached their fiduciary duty to members of the Class by not disclosing the Fee Agreement;

    c. Whether defendants breached their fiduciary duty to members of the Class by disregarding the limit on fees in the Fee Agreement;

    d. Whether defendants breached their fiduciary duty to members of the Class by misrepresenting the non-existence of a client agreement governing fees;

    e. Whether the terms of the Fee Agreement may be enforced by members of the Class; and

    f. The appropriate amount of damages to be paid by defendants.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. As the damages suffered by many individual Class members may be small relative to the expense and burden of individual litigation, it is practically impossible for most Class members to seek individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

46. Defendants have acted in a manner which affects Plaintiff and all members of the Class alike, thereby making appropriate relief with respect to the Class as a whole.

47. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for defendants, or adjudications with respect to individual members of the Class which

would, as a practical matter, be dispositive of the interests of other members or substantially impair or impede their ability to protect their interests.

## COUNT I
### Against G&E and EISENHOFER For Breach Of Fiduciary Duty

48. The allegations in paragraphs 1 through 47 above are repeated and realleged as if fully set forth herein.

49. At all relevant times, defendants served as fiduciaries for members of the class proposed and thereafter certified in the Tyco Litigation.

50. As fiduciaries, defendants owed class members in the Tyco Litigation (including all members of the Class) the utmost duties of loyalty and candor.

51. As a result of these legally imposed duties, G&E and EISENHOFER, among other things were legally prohibited from: (a) favoring their own interests at the expense of the class members; (b) acting in a deceitful or unethical manner toward class members or the court; (c) unjustly enriching themselves at the expense of or to the detriment of class members; and (d) concealing any fact that reasonably could affect the interests of the class members.

52. In contravention of the foregoing duties, defendants G&E and EISENHOFER obtained for themselves funds that, under the Fee Agreement, properly belonged to Tyco Litigation class members and concealed the Fee Agreement from the court and class members in the Tyco Litigation.

53. As a direct and proximate result of defendants' breaches of their fiduciary duties, Plaintiff and the Class suffered damages in an amount to be determined at trial, but not less than $215 million.

54. The blatant fiduciary misconduct by G&E and EISENHOFER amounts to an enormous theft from their own clients and is sufficiently reprehensible and outrageous as to warrant punitive damages.

## COUNT II
### Against G&E and EISENHOFER For Breach Of Contract

55. The allegations in paragraphs 1 through 47 above are repeated and realleged as if fully set forth herein.

56. A valid and binding contract existed between TRSL and defendants G&E and EISENHOFER, as set forth in the Fee Agreement, which was intended and designed to benefit Tyco Litigation class members as third-party beneficiaries.

57. The Fee Agreement contemplated that G&E and EISENHOFER would seek to recover funds for TRSL and all other Tyco Litigation class members (including Plaintiff) and thereafter request a fee based on such classwide recovery.

58. Defendants G&E and EISENHOFER established clear parameters concerning the fee they would request in the event that a classwide recovery was obtained. Defendants could have cited the Fee Agreement as evidence of terms negotiated *ex ante* to support the reasonableness of their fee request.

59. The terms of the contract set forth in the Fee Agreement prohibited defendants from requesting any fee in excess of $248,625,000, *i.e.*, 7.8% of the $3.2 billion class action settlement fund in the Tyco Litigation, and further obligated G&E and EISENHOFER to oppose any petition requesting a fee in excess of the fee mandated by the Fee Agreement.

60. TRSL fully satisfied its obligations under the Fee Agreement.

61. Defendants breached the contract by requesting a fee of 14.5% of the $3.2 billion class action settlement fund in the Tyco Litigation.

62. Defendants further breached the contract by failing to oppose the Fee Motion which requested a fee in excess of the fee mandated by the Fee Agreement.

63. In the alternative, defendants committed conversion and/or were unjustly enriched by taking a fee out of the Tyco Litigation settlement fund in excess of the maximum fee agreed upon in the Fee Agreement.

64. In the alternative, promissory estoppel bars defendants from disclaiming their stated obligations under the Fee Agreement, as Plaintiff and other Class members justifiably relied by allowing defendants to represent their interests and refraining from objecting to defendants' Fee Motion.

65. As a direct and proximate result of defendants' contractual breaches, conversion, interference and/or unjust enrichment, Plaintiff and the Class suffered damages in an amount to be determined at trial, but not less than $215 million.

### COUNT III
### Against G&E and EISENHOFER For Legal Malpractice

66. The allegations in paragraphs 1 through 47 above are repeated and realleged as if fully set forth herein.

67. At all relevant times, defendants served as fiduciaries for members of the class proposed and thereafter certified in the Tyco Litigation.

68. At all relevant times, it was the duty of defendants to exercise appropriate care in serving as lead counsel in the Tyco Litigation.

69. As class counsel in the Tyco Litigation, defendants had a duty to adhere to the Fee Agreement and to disclose the Fee Agreement to all members of the class.

70. Defendants breached this duty by, among other things, failing to publicly disclose the Fee Agreement, failing to follow the fee limitation in the Fee Agreement, and failing to oppose a higher fee than what was set forth in the Fee Agreement.

71. As a direct and proximate result of defendants' legal malpractice, Plaintiff and the Class suffered damages in an amount to be determined at trial, but not less than $215 million.

## COUNT IV
### Against G&E For Respondeat Superior

72. The allegations in paragraphs 1 through 71 above are repeated and realleged as if fully set forth herein.

73. At all relevant times, EISENHOFER served as an agent of G&E and was authorized to serve as the chief attorney for G&E in the Tyco Litigation.

74. In drafting and executing the Fee Agreement on behalf of himself and on behalf of G&E, EISENHOFER was acting within the scope of his employment.

75. In drafting and executing the Fee Motion and Affidavit, EISENHOFER was acting within the scope of his employment and on behalf of G&E.

76. G&E is vicariously liable for EISENHOFER's misconduct and negligence in connection with the Fee Agreement in the Tyco Litigation, as detailed above.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and the Class, Plaintiff demands judgment against defendants as follows:

A. Declaring that this action is properly maintainable as a class action and certifying Plaintiff as the representative of the Class;

B. Declaring and determining that the defendants are liable to the Class by reason of their conduct as alleged herein;

C. Imposing a constructive trust in favor of the Class on all monies obtained by or awarded to defendants as a result of their inequitable and illegal conduct;

D. Awarding the Class compensatory and punitive damages against defendants, jointly and severally, in an amount to be determined at trial, together with pre-judgment and post-judgment interest at the maximum rate allowable by law;

E. Awarding Plaintiff his costs and disbursements, including the fees of Plaintiff's counsel and experts, and reimbursement of expenses; and

F. Granting Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Respectfully submitted,

OF COUNSEL:

Thomas C. Cronin, Esq.
CRONIN & CO. LTD.
33 North Dearborn Street
Suite 2350
Chicago, Illinois 60602
(312) 201 - 7100

Dated: August 3, 2010

Joseph N. Gielata, Esq. (#4338)
JOSEPH N. GIELATA LLC
joe@gielatalaw.com
2115 Concord Pike, Suite 205
Wilmington, Delaware 19803
(302) 507 - 4400

*Attorneys for Plaintiff and the Class*